BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
CHRISTOPHER A. BOOKER, IDAHO STATE BAR NO. 7672
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>CESAR FERNANDO PORRAS-LUNA,<br><br>Defendant. | Case No. 1:26-cr-00249-DCN<br><br>**MOTION FOR DETENTION** |

Pursuant to 18 U.S.C. § 3142(e) and (f), the United States requests the Defendant, CESAR FERNANDO PORRAS-LUNA, be detained pending trial. Due to the serious risk that the Defendant will flee, a detention hearing is authorized under 18 U.S.C. § 3142(f)(2)(A) to determine whether any condition or combination of conditions will reasonably assure the appearance of the Defendant. At the hearing, the United States will present evidence and argument as to the Defendant's risk of flight and/or non-appearance. The United States therefore submits this Motion to make the threshold showing that a detention hearing is warranted and that the Defendant should be detained. This motion previews some of the evidence and argument that the Government expects to present at the hearing.

## FACTUAL BACKGROUND

Cesar Fernando Porras-Luna, the Defendant, is a citizen and national of Mexico by virtue of birth. On or about September 7, 2026, the Defendant was arrested by the Nampa Police Department in Canyon County, Idaho, for the offense of Disorderly Conduct – Public Intoxication (misdemeanor), case CR14-26-16764. That charge remains pending. The Defendant did not have authorization to enter or remain in the United States legally. Official immigration records of the Department of Homeland Security indicate the Defendant was previously removed from the United States on the following two (2) occasions: March 12, 2024, by an Immigration Judge Order, removed to Mexico through San Ysidro, California and August 8, 2024, by Reinstatement Order, removed to Mexico through Nogales, Arizona. Further, on May 25, 2022, and May 27, 2022, United States Border Patrol (USBP) encountered and arrested the Defendant, he was subsequently granted voluntary return and returned to Mexico.

The Defendant is now charged with a violation of Title 8 U.S.C. § 1326, Deported Alien Found in the United States.

## Legal Framework

Pursuant to the Bail Reform Act, a judicial officer must detain a defendant pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Ordinarily, the Act requires that this Court engage in a two-step procedure before ordering that a defendant be detained: first, the Court must make a finding as to whether the defendant presents a danger to the community or serious risk of flight if not detained; if so, then the Court must determine whether any set of conditions would sufficiently abate that risk.

In that second step, the Court considers four factors outlined in § 3142(g). *See* 18 U.S.C. § 3142(g) (including the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the defendant, and the nature of the danger, if any, posed to the community upon release). The Act mandates release under the least restrictive conditions, unless the government shows by a preponderance of the evidence that no such conditions can reasonably assure the appearance of the defendant or by clear and convincing evidence that the defendant is a danger to the community. See 18 U.S.C. § 3142(c).

Before conducting this two-step inquiry, the Court must first determine whether a detention hearing is warranted. Five categories of serious offenses trigger an automatic right to a hearing, including crimes of violence. 18 U.S.C. § 3142(f)(1)(A); 18 U.S.C. § 16(a). In this case, a detention hearing is not automatically triggered. A hearing may be warranted when the United States moves for detention and shows by a preponderance of the evidence that the defendant poses a serious risk of flight. *See United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131, 1138–39 (D. Idaho 2023) (distinguishing between gate-keeping analysis and the two-step analysis previously described).

## Argument

### I. This Court should conduct a detention hearing because the Defendant poses a serious risk of flight.

The Defendant has a strong incentive to flee rather than face the underlying charge. He has a significant criminal history, including: Operating a Vehicle Without a Current or Valid License and Exceeding the Maximum Posted Speed Limit (June 2023), Driving Under the Influence (December 2023), Driving Under the Influence (January 2024), and Illegal Entry (August 2024).

In his first DUI in December 2023, the Defendant made a sudden lane change without signaling and hit a curb. The Defendant eventually came to a stop by hitting another curb. A subsequent Breath Alcohol Content test resulted in a .132 and .145 BAC. During the Defendant's second DUI in January 2024, the Defendant was found sleeping in the driver's seat of his vehicle. Upon being awakened by deputies, the Defendant provided breath samples of .141 and .150 BAC. Following this DUI offense, an Immigration Judge ordered Defendant removed from the United States, yet he returned on August 1, 2024, where he was then charged and convicted of Illegal Entry, in violation of 8 U.S.C. § 1325(a)(1) and sentenced to 30 days in prison. The Defendant unlawfully returned to the United States and is now pending a charge of Disorderly Conduct – Public Intoxication, a misdemeanor (CR 14-26-16764). This history demonstrates a serious risk "that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision." 18 U.S.C. § 3142(f)(2)(A).

As this Court has explained, the Government must show by a preponderance of the evidence that a defendant poses a "serious risk of flight" under § 3142(f)(2)(A) to warrant a detention hearing. "[S]erious risk of flight" means "a great risk—beyond average—that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision." *Figueroa-Alvarez*, 681 F. Supp. 3d at 1138. When evaluating this risk, this Court has recognized the following four categories as relevant to its determination: (1) "incentives to flee"; (2) "ability to flee"; (3) "ties to the jurisdiction and the United States"; and (4) "reliability and trustworthiness of the defendant." *Id.* at 1140. Here, the majority of those factors weigh in favor of conducting a detention hearing.

The Defendant has every incentive to flee. He faces a felony indictment that is punishable by up to five years of incarceration on each count. Upon conviction, he faces deportation. As

this Court has recognized: “[a]lien defendants facing a sentence [that] measures in years for violations of § 1326, to be followed by near certain deportation, [have] a far greater incentive to flee.” *Figueroa-Alvarez*, 681 F. Supp. 3d at 1142. He has an incentive to self-deport or flee the jurisdiction to avoid felony convictions, potential prison time, and near certain deportation.

His actions and criminal history cross the threshold required during the gatekeeping inquiry “that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision.” The Government therefore respectfully requests that this Court order a detention hearing in this matter.

## II. This Court should detain the Defendant pretrial because he poses a serious risk of flight.

An analysis of the factors to be considered under § 3142(g) reveals by a preponderance of the evidence that there is no condition, or combination of conditions, that would reasonably assure the Defendant’s appearance at future proceedings if released. 18 U.S.C. § 3142(f). Accordingly, the defendant should be detained pending trial.

**Nature of Charges and Weight of Evidence**

The charged offense, by its nature, evidences risk of voluntary flight. The Defendant does not have lawful authority to reside in the United States. Nor does he have the legal ability to drive or obtain employment.

**Defendant’s Personal History and Characteristics**

When, as here, the case involves a citizen of a foreign country that has no right to enter the United States, the Court should rely on this factor when determining whether a defendant is a flight risk. *Santos-Flores*, 794 F.3d at 1090. The Ninth Circuit has repeatedly rejected, however, a district court’s reliance on immigration detainers or the possibility that the defendant, if released from criminal custody, would be held in immigration custody. *See United States v.*

*Diaz-Hernandez*, 943 F.3d 1196, 1198–99 (9th Cir. 2019). While "[a]lienage may be taken into account" when determining flight risk under the Bail Reform Act, "it is not dispositive." *Diaz-Hernandez*, 943 F.3d at 1198. The Court is required to make an "individualized determination" under the Bail Reform Act. *Santos-Flores*, 794 F.3d at 1091.

Here, Defendant's personal history and characteristics show his risk of flight and danger to the community. He has a criminal history, including the following:

- On June 5, 2023, the County Magistrate Court, State of Idaho, convicted the Defendant for the offense of Driver's License – Operate a Vehicle Without a Current or Valid Class D License, an infraction, a violation of Idaho Code 49-301 and Driving Speed (1-15 MPH) Exceeding the Maximum Posted Speed Limit, an infraction, a violation of Idaho Code 49-654(2), for which the Defendant was fined $397.50. (CR14-23-08153)
- On December 20, 2023, the District Court, State of Idaho, in and for the County of Ada, convicted the Defendant for the offense of Driving Under the Influence, a misdemeanor, a violation of Idaho Code 18-804(1)(a), for which the Defendant was sentenced to 90 days jail, fined $1,202.50, and placed on unsupervised probation for 12 months. (CR01-23-24953).
- On January 22, 2024, the District Court, State of Idaho, in and for the County of Canyon, convicted the Defendant for the offense of Driving Under the Influence, a misdemeanor, a violation of Idaho Code 18-804(1)(a), for which the Defendant was sentenced to 90 days jail, fined $400.00, and placed on supervised probation for 18 months. (CR14-23-10906).

- On August 1, 2024, the United States District Court for the District of Arizona convicted the Defendant for the offense of Illegal Entry, a class B Petty Offense, a violation of 8 U.S.C. § 1325(a)(1), for which the Defendant was committed to the custody of the Bureau of Prisons for a term of Thiry (30) days, with credit for time served. (CR-24-04723-001-TUC-BGM).

The Defendant has an incentive to flee the District of Idaho. He cannot work lawfully in the United States and would violate the terms of release if he did. Given his criminal history and his repeated unlawful entries into the United States, there are no conditions that can be imposed that mitigate the risk of flight and assure his appearance as required.

**Conclusion**

The United States has met its burden to show by a preponderance of the evidence that the Defendant is a flight risk and should be detained. For these reasons, the Government requests that the Defendant be detained pending trial in this case.

Respectfully submitted this 28th day of September, 2026.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

*/s/ Christopher A. Booker*___________________
CHRISTOPHER A. BOOKER
Assistant United States Attorney