JOHN C. SHIRTS, IDAHO STATE BAR NO. 9295
UNITED STATES ATTORNEY
CHRISTOPHER A. BOOKER, IDAHO STATE BAR NO. 7672
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CESAR FERNANDO PORRAS-LUNA, a/k/a CESAR PORRAS-LUNA,<br><br>Defendant. | Case No. 1:26-cr-00249-DCN<br><br>**RULE 11 PLEA AGREEMENT**<br><br>**FAST TRACK OPTION** |

## I. GUILTY PLEA

A. **Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Defendant, the attorney for the Defendant, and the Government[1] agree that the Defendant will plead guilty to Count One of the Indictment, which charges the Defendant with Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b).

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement. Upon acceptance of the Defendant's guilty plea, and the Defendant's full compliance with the other terms of this agreement, the Government, under Federal Rule of Criminal Procedure 11(c)(1)(B), will recommend a sentence within the guideline range as determined by the District Court at sentencing. Additionally, the Defendant may be eligible for a decrease in offense level under the District's fast track program. The eligibility criteria are set forth in this agreement. If the Defendant meets all of the fast track criteria, including filing the required notice, then the Government, under Federal Rule of Criminal Procedure 11(c)(1)(B), agrees to recommend a four-level or two-level decrease in offense level pursuant to United States Sentencing Commission guidelines manual § 3F1.1(Nov. 2025).

B. **Oath.** The Defendant will be placed under oath at the plea hearing. The Government may use any statement that the Defendant makes under oath against the Defendant in a prosecution for perjury or false statement.

C. **Expedited Presentence Procedure.** The Government and the Defendant stipulate to and agree to an expedited presentence report and sentencing schedule. Therefore, the parties request that the Court expedite the presentence report schedule and set the sentencing hearing at least 35 days from the date that this agreement is filed. The Defendant agrees to the preparation

[1] The word "Government" in this agreement refers to the United States Attorney for the District of Idaho.

of a presentence investigation report before a guilty plea. The Defendant will sign form PROB13A, "Defendant's Approval to Institute a Presentence Investigation Before Conviction of a Plea of Guilty."

## II. WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The Defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense charged against the Defendant and to persist in that plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the Defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the Defendant. If the Court accepts the Defendant's guilty plea, there will be no trial.

## III. NATURE OF THE CHARGES

A. **Elements of the Crime.** The elements of the crime of Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b), as charged in Count One, are as follows:

1. First, the Defendant was lawfully removed or deported from the United States on the date charged in the Indictment;
2. Second, thereafter, the Defendant voluntarily entered the United States;
3. Third, at the time of entry, the Defendant knew that he was entering the United States;
4. Fourth, the Defendant was an alien at the time of his entry into the United States;

5. Fifth, the Defendant was free from official restraint at the time he entered the United States; and

6. Sixth, the Defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

B. **Factual Basis.** If this matter were to proceed to trial, the Government and the Defendant agree that the following facts would be proven beyond a reasonable doubt.

The Defendant is a native and citizen of Mexico. The Defendant was lawfully removed from the United States to Mexico at or near Nogales, Arizona, on or about August 8, 2024. Thereafter, the Defendant voluntarily reentered the United States illegally and without lawful authority. At the time of entry, the Defendant knew he was entering the United States and was doing so free from official restraint. The Defendant was present in the United States in Canyon County, Idaho, on or about September 7, 2026, where the Defendant was encountered by agents of DHS/ICE. The Defendant did not obtain the express consent of the Secretary of DHS/ICE to reapply for admission to the United States prior to returning to the United States and being found in Canyon County.

## IV. SENTENCING FACTORS

A. **Penalties.** The crime of Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b), as charged in Count One, is punishable by:

1. a term of imprisonment of up to 20 years,
2. a term of supervised release of not more than 3 years,
3. a maximum fine of $250,000, and
4. a special assessment of $100.

B. **Supervised Release.** The Court may impose a period of supervised release. No agreement exists as to its length.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime to which the Defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and prosecution.

C. **Fines and Costs.** The Court may impose a fine. No agreement exists as to its amount. The Court may also order the Defendant to pay the costs of imprisonment, probation, and supervised release.

D. **Special Assessment.** The Defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing. Payment will be made to:

The United States District Court, Clerk's Office
Federal Building and United States Courthouse
550 West Fort Street, Fourth Floor
Boise, Idaho 83724

## V. SEIZED PROPERTY: ABANDONMENT AND WAIVER

The Defendant abandons, releases, and waives any interest in property seized or otherwise obtained by the Government or law enforcement in this case unless specific exceptions are noted in this agreement. Such property will be disposed of, destroyed, sold, or transferred in the Government's sole discretion. Such disposition shall not constitute satisfaction of any assessment, fine, restitution, forfeiture, cost of imprisonment, or any other penalty that this Court may impose.

## VI. UNITED STATES SENTENCING GUIDELINES

A. **Application of Sentencing Guidelines.** The Court must consider the sentencing guidelines in determining an appropriate sentence under 18 U.S.C. § 3553. The Defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

The Court is not a party to this agreement and the agreement does not bind the Court's determination of the sentencing guidelines range. The Court will identify the factors that will determine that range under the relevant guidelines manual. The Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that this agreement does not bind the Court, the parties agree to the recommendations and requests set forth below.

B. **Sentencing Guidelines Recommendations and Requests.**

1. **Government's Statements at Sentencing.** The Government reserves the right to allocute fully at sentencing regarding any sentencing recommendation. The Government may rely on or submit any information, including relevant conduct, in support of its recommendation regardless of whether the agreement or the pre-sentence investigation report contain this information. Any exception must be specified in this agreement.

2. **Acceptance of Responsibility.** If the Defendant clearly accepts responsibility for the offense, the Defendant will be entitled to a reduction of two levels in the combined adjusted offense level under USSG § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the Defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the Defendant has timely notified authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the Defendant fails to meet USSG § 3E1.1's criteria or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or decline to make the motion.

3. **Fast Track Eligibility Criteria For a 4-Level Decrease.** The Defendant shall be eligible for the District's fast track program and the associated four-level decrease only if the Defendant meets all of the following criteria:

a. The Defendant stipulated that the Government is entitled to a detention hearing under 18 U.S.C. § 3142(f)(2)(A) because the case involves a serious risk that the Defendant will flee or a serious risk that the Defendant will obstruct justice, consented to detention, did not have a contested detention hearing or probable cause hearing, and did not file a motion to suppress or any other substantive motion challenging the Defendant's guilt, the Defendant's custody, or the evidence in this case;

b. The Defendant has three or fewer prior deportations;

c. The Defendant executed this agreement, making known the Defendant's intention to plead guilty within 30 days of arraignment;

d. The Defendant has not previously participated in a fast-track program in any district;

e. The final version of the presentence report computes the Defendant's Criminal History Category as III or less and no objections remain pending by either party to said computation or to the offense level calculated in the final presentence report;

f. The Defendant's criminal history does not include a prior crime of violence or a controlled substance offense, as defined by § 4B1.2 of the USSG; and

g. No later than seven days after issuance of the initial presentence report, the Defendant provides written notice to the Government that the Defendant meets these criteria for the fast track program and will recommend and advocate for a sentence within the USSG range that would result from the range suggested by the final presentence report combined with a four-level fast track decrease.

4. **Fast Track Eligibility Criteria For a Two-Level Decrease.** The Defendant shall be eligible for the District's fast track program and the associated two-level downward decrease only if the Defendant meets all of the following criteria:

a. The Defendant stipulated that the Government is entitled to a detention hearing under 18 U.S.C. § 3142(f)(2)(A) because the case involves a serious risk that the Defendant will flee or a serious risk that the Defendant will obstruct justice, consented to detention, did not have a contested detention hearing or probable cause hearing, and did not file a motion to suppress or any other substantive motion challenging the Defendant's guilt, the Defendant's custody, or the evidence in this case;

b. The Defendant has three or fewer prior deportations;

c. The Defendant executed this agreement, making known Defendant's intention to plead guilty within 30 days of arraignment;

d. The Defendant has not previously participated in a fast-track program in any district;

e. Either:

i. The Defendant's criminal history includes a prior crime of violence or a controlled substances offense, as defined by § 4B1.2 of the USSG, the final version of the presentence report computes the Defendant's Criminal History Category as III or less, and no objections remain pending by either party to said computation or to the offense level calculated in the final presentence report; or

ii. The Defendant's Criminal History Category is IV or V, and the Defendant's criminal history does not include a prior crime of violence or a controlled substances offense, as defined by § 4B1.2 of the USSG;

f. No later than seven days after issuance of the initial presentence report, the Defendant provides written notice to the Government that the Defendant meets these criteria for the Fast track program and will recommend and advocate for a sentence within the USSG range that would result from the range suggested by the final presentence report combined with a two-level fast track decrease.

5. **Government's Agreement if Defendant Meets Fast Track Criteria.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) and USSG § 3F1.1, if the Defendant meets all of the above fast track criteria, the Government agrees to recommend a downward decrease of either two or four offense levels, as described above, from the USSG range that the Court finds to be applicable.

6. **Variance Request by Defendant.** If the Defendant filed the above-described notice of eligibility for and acceptance of the fast track Program, the Defendant agrees not to file any motion for variance from the guidelines. If the Defendant is not participating in the fast track program, then the Defendant will not seek a variance under 18 U.S.C. § 3553(a), without first notifying the Government of the Defendant's intent to seek a variance and the Defendant's reasons and basis therefor, such notice to be provided not less than 21 days before the date set for sentencing.

## VII. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A. **Waiver.** In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack plea, conviction, judgment, and sentence, including forfeiture and restitution. This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that the admitted conduct does not fall within any statute of conviction.

The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction, or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this agreement and allow the Government to withdraw from it, as well as to take other remedial action.

If the Defendant believes the Government has not fulfilled its obligations under this agreement, the Defendant will object at the time of sentencing. Further objections are waived.

B. **Exceptions.**

1. **Direct Appeal.** Notwithstanding subparagraph A, the Defendant may file one direct appeal if one of the following unusual circumstances occurs:

a. the sentence imposed by the Court exceeds the statutory maximum; or

b. the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory sentencing guidelines range as determined by the Court.

The Defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

2. **Motion Under 28 U.S.C. § 2255.** Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

## VIII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The Defendant agrees to provide financial information and any other information requested by a representative of the United States probation office for use in preparing a pre-sentence investigation report and agrees that the United States probation office may share all financial information with the Government. Failure to execute releases or to provide information for the pre-sentence investigation report violates this agreement and relieves the Government of its obligations from it. Such failure will not, however, constitute grounds for withdrawing the

plea of guilty unless the Government so requests. Providing materially false information will subject the Defendant to additional penalties, including an enhancement under USSG § 3C1.1.

Due to the shortened time period for the presentence report's preparation, and the plea and sentencing hearing, the parties agree that any objections to the USSG calculation set forth in the presentence report will result in their request for a separate plea and sentencing date according to normal scheduling procedures.

## IX. NO RIGHT TO WITHDRAW PLEA

The Defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The Defendant cannot withdraw from this agreement or the guilty plea, regardless of the Court's actions.

## X. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options.** If the Defendant fails to keep any promise in this agreement or commits a new crime, the Government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the Defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from this agreement in its entirety. In addition, if the Government determines after sentence is imposed that the Defendant's breach of the agreement warrants further prosecution, the Government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that charge(s) may be re-prosecuted.

The Government's election to pursue any of the above options provides no basis for the Defendant to withdraw the guilty plea(s) made pursuant to this agreement.

B. **Defendant's Waiver of Rights.** If the Defendant fails to keep any promise made in this agreement, the Defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the Defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the Defendant's failure to keep this agreement, the Defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the Defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The Defendant agrees not to contest such a continuance and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XI. MISCELLANEOUS

A. **No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the Government to the Defendant or to the attorney for the Defendant. This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the Defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than that specified as the Government in this agreement (i.e., the United States Attorney's Office for the District of Idaho).

B. **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this agreement no later than 5:00 p.m. on October 23, 2026.

C. **Risk of Removal from the United States.** The Defendant recognizes that, if the Defendant is not a citizen of the United States, pleading guilty may have consequences to the

Defendant's immigration status. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of separate proceedings. While arguments may be made in such proceedings, it is virtually certain that Defendant will be removed from the United States. The Defendant nevertheless affirms that the Defendant wants to plead guilty.

## XII. UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the Government. Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

JOHN C. SHIRTS
UNITED STATES ATTORNEY
By:

[signature] 11/23/26

CHRISTOPHER A. BOOKER — Date
Assistant United States Attorney

## XIII. ACCEPTANCE BY DEFENDANT AND COUNSEL

I have had read to me by Martha Haga, an interpreter and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney, and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or

my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including entering a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

11/23/24

CESAR FERNANDO PORRAS-LUNA Date
Defendant

I have read this agreement and have discussed the contents of the agreement with my client. This document accurately sets forth the entirety of the agreement. I have conveyed all written offers from the Government to the Defendant pursuant to *Missouri v. Frye*, 566 U.S. 134, 144-47 (2012). I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States. I concur in my client's decision to plead guilty as set forth above.

11/23/24

HEIDI JOHNSON Date
Attorney for the Defendant